**Motion Dismissed as Moot, Appeal Dismissed, and Memorandum Opinion filed August 2, 2022.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-21-00455-CV

---

## VINCENT SCHILLACI, Appellant

### V.

## PAUL MERRYMAN AND LINDA MERRYMAN, Appellees

---

**On Appeal from the 10th District Court
Galveston County, Texas
Trial Court Cause No. 17-CV-0771**

---

### MEMORANDUM OPINION

This is an interlocutory appeal from a temporary injunction signed August 3, 2021 restricting the activities of appellant, as well as other individuals who are not parties to this appeal, regarding their use of real property. On June 6, 2022, appellant filed a document styled as a notice of non-suit seeking to end this appeal, which we construe as a motion to dismiss the appeal. *Compare* Tex. R. App. P.

42.1(a)(1)–(2) (authorizing courts of appeals to "dispose of an appeal" on an appellant's motion or "[i]n accordance with an agreement signed by the parties"), *with* Tex. R. Civ. P. 162 (authorizing dismissals and nonsuits in proceedings before district and county courts). The motion seeks to end this appeal on the basis that the subject property appellant held an interest in has been sold, and appellant no longer retains an interest in that property. The motion accordingly contends this appeal has become moot. Appellees have filed a response in which they "concur" with appellant's motion.

While we agree the parties' dispute has been mooted, the effect is to deprive this court of jurisdiction to resolve this appeal irrespective of appellant's motion. *See Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999) (acknowledging Texas appellate courts "are prohibited from deciding moot controversies," and that the validity of a temporary injunction becomes moot when the injunction itself "becomes inoperative due to a change in status of the parties"). As that issue is enough to resolve this appeal, we hereby dismiss appellant's motion as moot and dismiss the appeal for want of jurisdiction.

PER CURIAM

Panel consists of Justices Zimmerer, Spain, and Poissant.